UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOLIN ANDREW MARKS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No.  C08-5152BHS/JKA<br><br>REPORT AND RECOMMENDATION TO DENY *IN FORMA PAUPERIS STATUS*<br><br>**NOTED FOR:**<br><br>**April 25, 2008** |

　　　　This Federal Tort Claims Action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). This action was filed on March 12, 2008. At the time of filing, Mr. Marks was aware the court was considering a Report and Recommendation to declare him a vexatious litigant. See, Marks v. United States of America, 07-CV-5679FDB. On March 24, 2008, the Report and Recommendation was adopted (Marks v. United States of America, 07-CV-5679FDB, Dkt. # 8). The sanctions include some pre filing restrictions. The court has therein ordered as follows:

　　　(1)　　The Court adopts the Report and Recommendation;

　　　(2)　　In all future cases, the Plaintiff shall submit a signed affidavit, along with the proposed complaint, verifying under penalty of perjury that none of the issues raised in the proposed complaint have been litigated

ORDER
Page - 1

|   |   |   |
|---|---|---|
| | | in the past by the Plaintiff. Plaintiff may not proceed in forma pauperis with a civil rights, Bivens, or Federal Tort Claims Act action without a showing he is in imminent danger of serious bodily injury or death. |
| | (3) | An application to proceed in forma pauperis, the affidavit required in Item 1 above, and the proposed complaint shall be forwarded to the Chief Judge of the district by the clerks office for review. The Chief Judge shall determine whether the action should be allowed to proceed. Plaintiff must provide full and complete disclosure of all financial information in support of any in forma pauperis application. |
| | (4) | Plaintiff is prohibited from filing any duplicative or repetitive motion in an action. The filing of such motions will result in monetary sanctions or dismissal of the actions. |
| | (5) | All settlement agreements with the Plaintiff which include a monetary payment shall require payment of the funds into the registry of the court until such time as Plaintiff has paid all outstanding obligations to the court that were ordered in connection with prior grants of in forma pauperis status. |
| | (6) | This order will apply to all action[sic] filed by Plaintiff in this Court and those removed from any other court to this Court. |
| | (7) | Plaintiff is precluded from asserting any fact, if a court has entered a finding contrary his assertion, without first disclosing that he is making an assertion contrary to a holding in another case and identifying the holding and case with specificity. |

(Marks v. United States of America, 07-CV-5679FDB, Dkt. # 8).

Plaintiff has been declared a vexatious litigant and may not avoid the sanctions that have been ordered by submitting his complaints while the Report and Recommendation was pending. Mr. Marks submitted three complaints while the Report and Recommendation was pending See, 08-CV 5151RJB, 08-CV-5152BHS, and 08-CV 5155BHS. He has since dismissed 08-5155BHS, because, according to him, the action was filed in error.

In this action plaintiff alleges a bond he paid seventeen years ago was never properly refunded. The government has provided him with information showing the check was sent to a California address and cashed. (Dkt. # 1, proposed complaint). He does not show he is in immediate danger of serious bodily injury or death. To give the sanctions order full faith and credit, this application to proceed *in forma pauperis* should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ.

P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 25, 2008**, as noted in the caption.

DATED this 2 day of April, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge